IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE SCALIA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> MINNESOTA LIMITED, LLC, <br><br> Defendant. | Civil Action No. 2:19-cv-01527-NBF |

## CONSENT JUDGMENT

Plaintiff, Secretary of Labor, United States Department of Labor, hereinafter referred to as "Plaintiff" or "the Secretary," has filed his Complaint alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter "the Act"). Defendant named above, hereinafter referred to as "Defendant" or "Employer," has appeared by counsel, and waives formal service of process of the Summons and Complaint, waives its Answer and any defense which it may have and hereby agrees to the entry of this Consent Judgment without contest. It is, therefore, upon motion of the attorneys for Plaintiff and for cause shown:

ORDERED, ADJUDGED, AND DECREED that Defendant, its officers, agents, servants, and all persons acting or claiming to act on its behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 6, 7, 11(c), and 15 of the Act, in any manner, specifically:

1. Defendant shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now,

or which in the future may become, applicable under Sections 6 and 15(a)(2) of the Act.

2. Defendant shall not, contrary to Section 7 of the Act, employ any of its employees including, but not limited to, any of its employees working at any business location owned, operated, and/or controlled by Defendant, and at any other business location at which its employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the said employees receive compensation for their employment in excess of the prescribed hours at a rate equivalent to one and one-half times the regular rates applicable to them.

3. Defendant shall not, contrary to Section 7(e) of the Act, fail to include all compensation paid to employees as part of employees' regular rates for purposes of calculating overtime premium pay. Defendant shall not fail to include all compensation labeled as a "per diem" as part of employees' regular rates unless and only if such payments are for travel or work-related expenses actually incurred in furtherance of Defendant's interests and properly reimbursable by Defendant as prescribed by the Regulations issued pursuant to Section 7 and 15(a)(2) of the Act and found at 29 C.F.R. Part 778.217.

4. Defendant shall not fail to make, keep, and preserve adequate records of its employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of its employees working at any business location owned, operated, and/or controlled by Defendant, and at any other business location at which its employees perform work, as prescribed by the Regulations issued pursuant to Section 11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516.

5. Defendant shall not fail to keep records of the amount and nature of any travel or work-related expenses employees actually incurred in furtherance of Defendant's interests and properly reimbursable by Defendant that Defendant excludes from employees' regular rates. Defendant shall not fail to keep accurate records of employees' regular rates of pay for purposes of calculating overtime premium pay by excluding from their regular rates additional compensation labeled as "per diems" that have no relation to any travel or work-related expenses employees' actually incurred. Defendant shall not fail to keep accurate records of employees' overtime premium pay due for workweeks in which employees worked over forty hours by excluding additional compensation labeled as "per diems" from employees' regular rates that have no relation to any travel or work-related expenses employees actually incurred.

6. Defendant shall not discharge or take any retaliatory action against any of its employees, whether or not directly employed by Defendant, because the employee engages in any of the following activities pursuant to Section 15(a)(3) of the Act:

   i. Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Employers or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act;

   ii. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or regulation promulgated pursuant to the Act, by the Employers or another employer with whom there is a business relationship;

   iii. Objects to, or refuses to participate in any activity, policy or practice which the

employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act.

It is further ORDERED, ADJUDGED and DECREED by the Court that:

7. Defendant is enjoined and restrained from withholding gross back wages in the sum total amount $110,971.29, and is liable for the payment of $110,971.29 in liquidated damages, due certain employees and former employees of Defendant set forth and identified in the Schedule A, which is attached hereto and made a part hereof.

8. Defendant shall pay gross back wages and liquidated damages in the total amount of $221,942.58, for violations of the overtime provisions of the Act by Defendant alleged to have occurred during the period beginning October 31, 2015 and ending February, 14, 2019, ("relevant period"). This amount shall represent the full extent of back wages and liquidated damages owed by Defendant for the relevant period to the employees set forth and identified on the attached Schedule A. It is further agreed that the overtime compensation and liquidated damage payments by the Defendant in the amounts as specified above are in the nature of back wages and liquidated damages pursuant to the provisions of the Act.

9. The provisions of this Consent Judgment relative to back wage and liquidated damages payments shall be deemed satisfied when Defendant delivers to the employees identified in the attached Schedule A the aggregate amount of $221,942.58 within thirty (30) days of the entry of this Judgment by the Court. Defendant shall make payment directly to the identified employees in accordance with the amounts listed in the Schedule A, and in accordance with the following procedures:

   i. Within 30 days of the Court's entry of the Consent Judgment, Defendant shall pay directly to the employees the amounts set forth in the Schedule A, less the

appropriate payroll deductions for back wages. Defendant shall remain responsible for all tax payments considered to be the "employer's share," including but not limited to the Federal Insurance Contributions Act (FICA) tax and Unemployment Insurance (UI) tax;

    ii. Within 30 days of making the payments pursuant to Paragraph 9(i), Defendant shall furnish to the U.S. Department of Labor, Wage and Hour Division, Pittsburgh District Office, Federal Building, 1000 Liberty Avenue, Suite 1416, Pittsburgh, PA 15222, a list of all employees who have not been paid (due to missing address or otherwise). The list shall include the employee's last known address, social security number, and the attempts made to locate each person;

    iii. In conjunction with the direct deposit or delivery of the checks to the employees listed in the Schedule A, within 30 days of issuing payment to the employees, Defendant shall furnish to the U.S. Department of Labor, Wage and Hour Division, Pittsburgh District Office, Federal Building, 1000 Liberty Avenue, Suite 1416, Pittsburgh, PA 15222, payroll records demonstrating payment to the employees. The payroll records will show the employee name, address, social security number (to the extent known), and the gross and net compensation amounts paid to each such employee. Furthermore, Defendant shall provide to the Wage and Hour District Office copies of each of the cancelled checks delivered to the employees no later than 7 days from Defendant's receipt of such information from its/their financial institution(s), or within 35 days of the entry of this Judgment by the Court, whichever comes later. The information maintained and provided by Defendant shall be sent to the Wage and Hour Division at the above address.

      iv. If, for any reason (e.g., because of inability to locate an employee or because of his/her refusal to accept it) Defendant is unable to make payment to any employee as required herein, Defendant shall submit one aggregate payment by ACH transfer, credit card, or debit card at https://www.pay.gov/public/form/start/77689032 or at www.pay.gov, referencing Case Identification No. 1835263. Furthermore, Defendant shall provide to the Wage and Hour District Office a schedule identifying the name(s) and amount(s) due to the employee(s) to whom payments under this Consent Judgment were not made, to the U.S. Department of Labor, Wage and Hour Division, Pittsburgh District Office, Federal Building, 1000 Liberty Avenue, Suite 1416, Pittsburgh, PA 15222. Defendant shall have up to 30 days following the 30-day expiration period prescribed by Paragraph 9(i) of this Consent Judgment to re-issue the aggregate payment to Wage-Hour.

      v. The Wage and Hour division will distribute the proceeds referred to in Paragraph 9(iv) to the persons identified on the Schedule A, or to their estates, if necessary. To the extent any amounts of unpaid compensation are not so paid within a period of 3 years from the date of receipt thereof, because of inability to locate the proper persons or because of their refusal to accept the back wages, such amounts shall be delivered into the Treasury of the United States as miscellaneous receipts pursuant to 29 U.S.C. 216(c).

    10. The provisions of this Consent Judgment shall not in any way affect any legal right of any individual not named in Exhibit A, nor shall the provisions in any way affect any legal right of any individual named in Exhibit A to file any action against Defendant for any violations alleged to have occurred outside the relevant period.

11. Neither Defendant nor anyone on its behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Consent Judgment. Any such amount shall be immediately paid to the Secretary for deposit as above, and Defendant shall have no further obligations with respect to such returned monies. If recovered wages have not been claimed by the employee or the employee's estate within three years of the entry of this Consent Judgment, the Secretary shall deposit such money with the Treasury in accordance with Section 16(c) of the Act.

12. Further, the parties agree that the instant action is deemed to solely cover Defendant's business and operations for the relevant period for all claims raised in the Complaint as a result of the Secretary's investigation. The parties agree that the filing of this action and the provisions of this Judgment shall not, in any way, affect, determine, or prejudice any and all rights of any person specifically named on Schedule A or the Secretary for any period before October 31, 2015, after February 14, 2019, or any persons, be they current or former employees, not specifically named on Schedule A, insofar as such rights are conferred and reserved to said employees by reason of Section 16(b) of the Act. The parties agree that the filing of this action and the provisions of this Consent Judgment shall not, in any way affect, determine or prejudice any and all rights, or defenses of Defendant as to any employee or Defendant not covered by this Consent Judgment, or as to any employee covered by this Consent Judgment for any claim outside the relevant period.

13. Defendant agrees that is an employer within the meaning of Section 3(d) of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

14. By entering into this Consent Judgment, Plaintiff does not waive his right to conduct future investigations of Defendant under the provisions of the FLSA and to take

7

appropriate enforcement action, including assessment of civil money penalties pursuant to Section 16(e) of the FLSA, with respect to any violations disclosed by such investigations.

It is FURTHER, ORDERED, ADJUDGED, AND DECREED that each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding including, but not limited to, attorney fees that may be available under the Equal Access to Justice Act, as amended.

_____
UNITED STATES DISTRICT JUDGE

Dated: _November 27_, 2019

Defendant hereby consents to the entry of this Judgment.

For Defendant Minnesota Limited, LLC:

*[signature]*

Patrick V. Johnson, Esquire
Speeter & Johnson
1515 Canadian Pacific Plaza
120 South Sixth Street
Minneapolis, MN 55402

Attorney for Defendant

For the Secretary:

Kate S. O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

*[signature]*

Brian P. Krier
Senior Trial Attorney
PA ID #313826

U.S. Department of Labor
Office of the Solicitor, Region III Suite 630E, The Curtis Center 170 S. Independence Mall West Philadelphia, PA 19106-3306
215-861-5141 (phone)
215-861-5162 (fax)
krier.brian@dol.gov

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff